IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD RAY SLOVAK | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-02-838 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Richard Ray Slovak, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID").  The Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254.

On February 26, 1996, Petitioner was convicted of indecency with a child and sentenced to eight years imprisonment in the TDCJ-CID.  He was released on mandatory supervision on January 20, 1999.  On May 29, 2001, Petitioner was arrested and imprisoned for using alcohol in violation of the terms of his parole.  A parole revocation hearing was held on August 2, 2001, in the Wharton County, Texas jail where he was held.  Petitioner and his parents appeared without counsel.  Texas Board of Pardons and Paroles ("the Board") Hearing Officer Tim McDonnell told Petitioner at the hearing that he had the right to hire an attorney for the proceeding but that he did not qualify for a state-appointed lawyer. *Ex parte Slovak*, at 44.  Petitioner admitted at the hearing that he was guilty of the charged parole violations.  He acknowledged that he had earlier admitted his guilt to his parole officer, Herbert Coleman.  Id. at 52.

The Board voted to impose a Substance Abuse Treatment Program on Petitioner and ordered him to be assigned to a Substance Abuse Felony Punishment Facility ("SAFP").  Id. at 76.  Petitioner

1

was transferred on September 5, 2001, to a TDCJ-CID Intermediate Sanction Facility ("ISF") pending transfer to a SAFP location.  Without notifying Petitioner, however, the Board voted to revoke his parole on September 19, 2001, after it learned that he was ineligible for placement in a SAFP because he had been convicted of indecency with a child – a fact that was fully available since his 1996 conviction.  Petitioner was subsequently transferred to the TDCJ-CID.  Respondent's Answer, Ex. A & B.

Petitioner subsequently filed a writ of habeas corpus in state court pursuant to Article. 11.07 of the Texas Code of Criminal Procedure.  The Court of Criminal Appeals denied it without written order, and Petitioner filed the instant suit in federal court.  He alleges five grounds for habeas relief:

(1)    He was denied due process because he was not given a preliminary hearing;

(2)    He was denied due process because he was coerced into pleading guilty of the alleged parole violations;

(3)    He was denied due process when the Board revoted to revoke his parole without notifying him;

(4)    He was denied his right to counsel; and,

(5)    His equal protection rights were violated when he was denied access to a SAFP facility.

**<u>Discussion</u>**

<u>The Equal Protection Issue</u>

Petitioner alleges that his equal protection rights were violated when the Board failed to assign him to a SAFP facility.  On September 19, 2001, the Board notified Petitioner that he was ineligible for such a placement because § 493.009 of the Texas Government Code forbids SAFP placement for offenders who have been convicted of indecency with a child.   Petitioner's claim is without merit. A party wishing to make out an equal protection claim must demonstrate the existence of purposeful discrimination motivating the state action complained of and must show that no rational relationship exists between the statute and the State's goals.  *Clements v. Fashing*, 457 U.S. 957, 963 (1982); *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).  The Board acted in accordance with a Texas statutory requirement.  Petitioner has not attempted to demonstrate either of the criteria required for showing an equal protection violation, and the Court sees no ground for finding the state statute unconstitutional.

The Court therefore **RECOMMENDS** that Petitioner's equal protection claim be **DISMISSED**.

<u>The Right to Counsel Issue</u>

Petitioner next claims he was unconstitutionally denied his right to counsel in the parole revocation hearing.  The Supreme Court has made clear that parole revocation hearings do not give rise to the full scope of due process rights that are present in a criminal prosecution.  *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).  The decision as to whether a probationer requires counsel is made on a case-by-case basis.  The right to counsel exists if the parolee requests an attorney based on a timely claim (i) that he has not committed the alleged violation of the conditions upon which he

3

is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. *Id*. at 790. The decision maker must consider whether the parolee is capable of "speaking effectively for himself." *Id*. at 790-91.

In this case, the hearing officer told Petitioner that he had the right to hire an attorney but that he did not "qualify" for state-appointed counsel because the hearing was administrative in nature. *Ex parte Slovak*, at 44. The administrative nature of the proceeding, however, did not act as a *per se* bar to such counsel. Nevertheless, this does not mean that Petitioner suffered a constitutional injury. A thorough review of the record shows that the Board sufficiently complied with the requirements of *Gagnon*. The hearing officer also based his decision on the fact that the issues at stake were not complex and because he believed Petitioner was capable of defending himself. Id. at 44, 79. Indeed, Petitioner had already admitted to his guilt before the hearing even began, and he repeated that admission at the hearing. He never requested counsel, and he was able to call his parents as witnesses. In addition, Petitioner admits in his Response that he was able to present mitigating evidence showing why he violated his parole conditions. Response at 4. The Court's examination of the hearing transcript shows that Petitioner was fully able to speak for himself.

Based on these considerations, the Court cannot find that the state court unreasonably applied federal law when it refused to find that Petitioner was unconstitutionally deprived of his right to counsel. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

The Court therefore **RECOMMENDS** that Petitioner's right to counsel claim be **DISMISSED**.

The Preliminary Hearing Issue

Petitioner next claims his constitutional rights were violated when the State failed to provide

him with a preliminary hearing on the charges that formed the basis for his parole revocation.  On July 18, 2001, Petitioner signed a Notice of Alleged Violations of Release that stated he had violated the terms of his parole on July 2 and July 12, 2001, by using alcohol.   He admitted the charges on the Notice.  On July 23, 2001, Petitioner made a written request for a revocation hearing, but he did not request a preliminary hearing, which is clearly indicated on the Notice form.  *Ex parte Slovak*, at 37-38.  The State essentially admits that no preliminary hearing ever occurred and argues that any error was harmless because Petitioner admitted to the violations and also received a final revocation hearing on August 2, 2001.

Parole revocation issues require a preliminary hearing.  *Morrissey v. Brewer*, 408 U.S. 471 (1972).  However, the Fifth Circuit has long held that the failure to grant such a hearing does not entitle a prisoner to habeas relief when he has otherwise been afforded a constitutionally-sound revocation hearing.  *Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979) ( "To order . . . release from custody at this time would be to grant an extreme remedy for a deprivation from which [Petitioner] is no longer suffering.").

Because the Court finds below that Petitioner received a proper revocation hearing, it **RECOMMENDS** that his preliminary hearing claim be **DISMISSED**.

The Coercion Issue

Petitioner next alleges he was coerced into admitting that he violated his parole conditions.  Petitioner alleges he admitted to his guilt only because the hearing officer at the revocation hearing erroneously told him he would be eligible for a SAFP program.  This claim is without merit.  Petitioner pled guilty over a week before the revocation hearing was ever held.  *Ex parte Slovak* at 37.  The hearing officer never promised that Petitioner would be placed in a SAFP program; he merely outlined four options available to the Board, one of which involved SAFP placement.  The fact that

5

Petitioner admitted his guilt prior to the hearing and repeated it in that setting provides sufficient evidence to affirm the Board's decision. *Villareal v. United States Parole Comm'n.*, 985 F.2d 835, 839 (5th Cir. 1993) (holding that court review over parole decisions is "circumscribed" and asks only if "some evidence" supports the Board's decision).

The Court therefore **RECOMMENDS** that Petitioner's coercion claim be **DISMISSED**.

The Rehearing Issue

Finally, Petitioner argues that his due process rights were violated when the Board failed to provide him with a second hearing prior to revoking his parole. As stated above, Petitioner was initially assigned to a SAFP program, which does not revoke mandatory supervision, after the revocation hearing. When it was discovered that he was not eligible for the SAFP placement, Petitioner's parole was revoked on September 19, 2001, without a second hearing. Respondent's Motion at Ex. B.

Petitioner relies on *Ex parte Catham*, 59 S.W.3d 677 (Tex. Crim. App. - 2001). In that case, a parolee was assigned to an ISF facility after a parole revocation. Like placement in a SAFP program, an ISF placement is not a parole revocation. Parole was subsequently revoked without a hearing when the parolee was charged with assaulting a fellow ISF resident. The Court of Criminal Appeals found that such revocation without a second revocation hearing violated the due process guarantees of *Morrissey*.

Unlike this case, however, the *Catham* decision involved an alleged violation that occurred after the revocation hearing was held, thereby denying the parolee his due process rights to present mitigating evidence or otherwise dispute the charges against him before parole was revoked. In the case at issue here, all such evidence had been fully presented to the hearing officer. Petitioner's

parole was not revoked based on any action that occurred after the hearing.  Instead, it was based on violations that had been fully considered at the hearing.

   A second hearing would therefore have been redundant.  Petitioner admitted his guilt, brought witnesses, and had ample opportunity to provide mitigating evidence to the hearing officer.  He presents no evidence in this habeas proceeding that could have been brought before a second hearing officer but was not given to the first.  The evidence provided at the hearing was ample to warrant revocation, and any error that occurred was harmless in light of the overwhelming evidence supporting the revocation decision.  *See Tolley v. Johnson*, 2001 WL 184321 (N.D. Tex.) (holding the same under identical facts).

   The Court therefore **RECOMMENDS** that Petitioner's claims concerning a rehearing be **DENIED**.

   For all these reasons, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Richard Ray Slovak (Instrument No. 1) be **DISMISSED**.

   The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **October 31, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____12th_____ day of October, 2005.

John R. Froeschner
United States Magistrate Judge